UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GREGORY EMERSON,

    Petitioner,

  v.          Case No. 20-C-1460

STATE OF WISCONSIN,

    Respondent.

---

## SCREENING ORDER

---

  On September 17, 2020, Petitioner Gregory Emerson, who is currently incarcerated at the Milwaukee County House of Correction, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution.

  I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

  Petitioner was convicted by guilty in Milwaukee County Circuit Court of one count of soliciting prostitutes and one count of possession with intent to deliver methamphetamine. He was

sentenced on September 14, 2020, to two years of initial confinement and three years of extended supervision on the solicitation count and two years of initial confinement and three years of extended supervision on the possession count, to be served consecutive to any other sentence. Judgment was entered the same day.

Petitioner asserts in his petition that the sentencing judge did not follow proper sentencing guidelines and imposed a lengthy sentence based on a letter submitted to the court by the victim. Petitioner indicates that he filed an appeal but it has "not yet been answered." Dkt. No. 1 at 5. A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982). Petitioner has not exhausted his state court remedies for either ground for relief he asserts in his petition. The court will therefore dismiss his petition without prejudice so that he may do so.

**IT IS THEREFORE ORDERED** that pursuant to Rule 4 of the Rules Governing § 2254 Cases, Petitioner's petition for writ of habeas corpus is **DISMISSED without prejudice**.

Dated at Green Bay, Wisconsin this 30th day of September, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
